# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0882V
Filed: January 11, 2019
UNPUBLISHED

| | |
|---|---|
| DEANNE DOANE., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On June 28, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of her September 19, 2016 influenza ("flu") vaccination. Petition at 1. On September 21, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 48.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 7, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 53.  Petitioner requests attorneys' fees in the amount of $36,800.80 and attorneys' costs in the amount of $2,325.64.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 53-3.  Thus, the total amount requested is $39,126.44.

On December 11, 2018, respondent filed a response to petitioner's motion.  ECF No. 54.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

I. **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner requests compensation for Black McLaren Jones Ryland & Griffee at rates of $305 -$456 per hour for attorneys, $145 - $148 per hour for law clerks and $140 per hour for paralegals. ECF No. 53-2 at 28. The undersigned finds no cause to reduce these rates as they have been previously awarded to attorneys, law clerks and paralegals of Black McLaren Jones Ryland & Griffee.

### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Documentation submitted show that 3 attorneys, 2 law clerks and a paralegal billed time on this case. Many of the billing entries are for internal communications between the attorneys and staff including inter-office conferences, correspondence, and discussions.[3] Electronic court notifications were also routinely reviewed by multiple attorneys and staff upon receipt.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). There are many examples of law clerks billing for tasks considered administrative

---

[3] Upon review of the billing records submitted, over 98 separate entries were billed in reference to internal communications. ECF No. 53-2, 1-28.

3

including forwarding emails, calendaring deadlines, scanning documents, creating folders, and printing records.

For the reasons listed above, the undersigned finds a reduction of fees appropriated. The undersigned reduces the overall request for attorneys' fees by 5%, for a total reduction of **$1,840.04**.

### III.     Attorney Costs

Petitioner requests reimbursement of attorney's costs in the amount of $2,157.56. ECF No. 53-2 at 29. During his stay in Houston, attorney Chris Webb chose to have his car valet parked at a cost of $38.00. *Id.* at 48. Special Masters have previously declined to compensate counsel for valet parking absent a showing of necessity. *See Kreten v. Sec'y of Health and Human Services,* No. 15-0504V, slip op. at 8 (Fed. Cl. Spec. Mstr. Nov. 30, 2018) (reducing the costs incurred for valet parking when counsel "failed to substantiate why it was necessary to valet park her car each day she was there when other parking arrangements were no doubt available and less expensive."). Mr. Webb does not state why valet parking was a necessity for him on this trip. Therefor the undersigned reduces the request for attorneys' fees by **$38.00**.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $37,248.40[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                 **s/Nora Beth Dorsey**
                                                 Nora Beth Dorsey
                                                 Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.